35 F.3d 566
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carolyn ORT, Personal Representative of the Estate of Louie
Ort, Deceased, Plaintiff-Appellant,
v.
The UPJOHN COMPANY, Defendant-Appellee.
 No. 93-2108.
 United States Court of Appeals, Sixth Circuit.
 Sept. 7, 1994.
 
 Before: MERRITT, Chief Judge; MILBURN and SILER, Circuit Judges.
 
 ORDER
 
 1
 This pro se litigant appeals a district court judgment awarding the defendant $22,910.62 in attorneys' fees and costs. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, Carolyn Ort, in her capacity as the personal representative of the estate of Louie Ort, brought suit against the Upjohn Company (Upjohn). Ort claimed that: 1) Upjohn was negligent in the development, formulation, patenting, testing, manufacture, distribution, marketing and selling of a drug with the trade name of Halcion (also known as trizolam); 2) Upjohn breached an implied warranty of merchantability of quality and fitness; 3) Upjohn breached an express warranty that Halcion was safe and effective; and 4) Upjohn's negligence and breach of implied and express warranties proximately caused the suicide of Louie Ort.
 
 
 3
 During the pendency of the suit, Ort's attorney, Michael D. Mosher, applied for admission to practice before the United States District Court for the Western District of Michigan. The district court denied Mosher's application. In re Mosher, 830 F.Supp. 403 (W.D.Mich.1993), rev'd, 25 F.3d 397 (6th Cir.1994). After Mosher was denied admission, Ort moved to voluntarily dismiss her case without prejudice pursuant to Fed.R.Civ.P. 41(a)(2). The district court granted Ort's motion for voluntary dismissal subject to a conditional award of costs and attorneys' fees in the event that the case is refiled in another forum. In light of this award, Ort filed this timely appeal.
 
 
 4
 Meanwhile, Mosher appealed the district court's order denying his admission. On appeal, this court concluded that the district court had abused its discretion by denying Mosher's application to practice and reversed the district court's order. In re Mosher, 25 F.3d 397, 403 (6th Cir.1994).
 
 
 5
 Upon review, we vacate the district court's order conditionally granting the defendant its costs and attorneys' fees. This court reviews the district court's decision on a Rule 41(a)(2) motion for an abuse of discretion. DWG Corp. v. Granada Invs., Inc., 962 F.2d 1201, 1202 (6th Cir.1992). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. Southward v. South Central Ready Mix Supply Corp., 7 F.3d 487, 492 (6th Cir.1993). The district court imposed $22,910.62 in costs and attorneys' fees against Ort. Included in that award was the time spent by defendant's counsel in opposing the admission of Mosher to the Bar of the Western District of Michigan. Inasmuch as this court has reversed the district court's order denying Mosher's application for admission, there exists no ground upon which to base an award of costs and attorneys' fees. Thus, taxing costs and attorneys' fees against Ort for the time defense counsel spent opposing Mosher's admission was an abuse of discretion.
 
 
 6
 Accordingly, the district court's judgment taxing costs and attorneys' fees to Ort is hereby vacated and the case is remanded to the district court pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.